*808 OPINION OF THE COURT
John F. Lawton, J.
Defendants Stanwix Veteran’s and Men’s Club and Mark J. Bostwick, Sr., have moved for an order of summary judgment to dismiss plaintiffs complaint and the cross claims of the defendant Donn R. Orr. While some factual questions may remain unresolved, there does not appear to be too serious of a disagreement with respect to the relevant facts which lead up to the commencement of this action. The following is a brief summary of these facts, which regrettably have an all too familiarity about them.
Deceased plaintiff Mark R. Montgomery and defendant Donn R. Orr were schoolmates at the Oriskany Central School. Decedent had just completed his third year of high school and was 18 years of age on the date of the accident (date of birth May 27, 1965). Decedent suffered from a learning disability known as duplexia, but was otherwise in good physical and mental health. Defendant Donald R. Orr had just graduated from Oriskany High School at age 18 shortly before the accident. A number of graduation parties were scheduled on behalf of the graduates. So many, in fact, that the school thought it helpful to provide the students with a written list of the parties, setting forth the dates, times and places. We are concerned herein with just one of those held on Sunday, June 16, 1983.
Some weeks prior to the party, defendant Mark. J. Bostwick, Sr., a parent of one of the graduates (Mark J. Bostwick, Jr.), met with defendant William C. Castor, who at the time was alleged to have been affiliated with the defendant Stanwix Veteran’s and Men’s Club (Club) as "stewart,” to arrange a party in honor of his son’s graduation. No formal written contract was entered into, but there was an agreement reached with respect to the time, space, menu, cost and services to be provided at the party. The hours were to be from noon to 6:00 p.m. for adult friends and relatives of the family. After 6:00 p.m. the party was open to all of Mark, Jr.’s friends and classmates who were notified of the party by written cards and/or by the school notice. Under the terms of the agreement, defendant Club was to provide kegs of beer, glasses and tapping services, as well as assorted soft drinks and food. The beer was to be charged for by the number of kegs used and the food was to be billed on a per plate basis.
On the date of the party, the party commenced as planned, *809 with the adults arriving between the hours of noon and 6:00 p.m., and Mark, Jr.’s friends arriving after 6:00 p.m. The defendant Donn R. Orr, having earlier attended another party wherein he had one or two beers, arrived with two of his friends at about 6:30 p.m. Thereafter, he remained at the Bostwick’s party until it ended at midnight, as scheduled. During this period, he did not have anything to eat, but testified that he availed himself of the beer, which was available on a self-serve basis. After lingering outside of the Club a short while after it closed, Donn R. Orr proceeded to drive his pickup with five passengers, including the decedent, along Route 69. At about 12:30 a.m., said vehicle left the road and turned over, killing the decedent who was seated with his girlfriend in the back of the open pickup with his back to the rear of the cab.
Following the accident, defendant Orr pleaded guilty to vehicular homicide and to driving while intoxicated. The defendant Bostwick entered a guilty plea to a charge of unlawfully dealing with a child in violation of Penal Law § 260.20 (4).[1]
Defendant Bostwick has moved for an order of dismissal pursuant to CPLR 3212 upon the grounds that New York does not recognize a cause of action against a social host for the negligence of a guest occurring away from the site of the party (citing Edgar v Kajet, 84 Misc 2d 100 [1975], affd 55 AD2d 597 [2d Dept 1976], lv dismissed 41 NY2d 802 [1977]). Defendant Club likewise seeks an order of dismissal on the grounds that there can be no liability against it under the Dram Shop Act (General Obligations Law § 11-101) as there was no sale and there was no proof to show that the alcoholic beverages were dispensed by its employees. Further, said defendant argues that there can be no common-law liability against it for the very same reasons.
Plaintiff maintains that valid common-law causes of action do exist as against both defendants, primarily by reason of the fact that both decedent and defendant Orr were under 19 years of age at the time of the accident. In addition, plaintiff states that under the facts presented, the defendant Club is or may be liable under the Dram Shop Act.
*810 The issue of a social host’s liability for serving alcoholic drinks is not a new one, but it has achieved greater attention in recent years with the increase in public awareness and concern for the problems and tragedies associated with drinking and driving. Some States have broadened the liability of individuals who are found to be responsible for getting or permitting another to become intoxicated and who thereafter causes injury to another by reason of said intoxication (see, e.g., Kelly v Gwinnell, 96 NJ 538, 476 A2d 1219 [1984]). Such cases to date are, however, selective and no broad, sweeping rule of liability has been adopted such as that which has been enacted in a number of States against commercial sellers of intoxicants under Dram Shop Acts. To date, no New York case can be found upholding liability against a social host (see, Schirmer v Yost, 60 AD2d 789 [4th Dept 1977]). The closest to it so far is a court holding a social host liable for the acts of a guest at the site of the party itself (see, Bartkowiak v St. Adalbert’s R. C. Church Socy., 40 AD2d 306 [4th Dept 1973]; Paul v Hogan, 56 AD2d 723 [4th Dept 1977]; Schirmer v Yost, supra).
The court in Edgar v Kajet (84 Misc 2d 100, 101 [Sup Ct, Nassau County 1975], supra) summed up the common-law rule of nonliability of a social host and the reasons for it: “The general rule at common law was that it was not a tort to either sell or give intoxicating liquors to ordinary able-bodied [people]. The reason being that the drinking of the liquor, not the furnishing of it, was considered to be the proximate cause of the injury” (emphasis added; see also, Berkeley v Park, 47 Misc 2d 381, 382 [1965]). The Fourth Department in dismissing an action brought in common-law negligence against a social host did so on the grounds that the host did not owe a duty to his or her guests (see, Paul v Hogan, supra, at p 723).
The court in Edgar (supra, pp 102, 103), however, indicates in its opinion that the rule may well be otherwise in other States when an infant is involved. On July 25, 1983, or just one month after the accident herein, Governor Cuomo signed a bill expressly stating that there is liability to third parties for injury caused by one furnishing intoxicants to persons under the legal drinking age.
General Obligations Law § 11-100[2] expresses a policy of *811 holding not only sellers but also providers of intoxicants to persons under the age of 19 liable for any damages related to conduct by said minor resulting from said drinking. Had this accident occurred but some 118 days later, plaintiff’s cause of action would fall squarely within the provisions of said statute. There being no clear legislative intent to apply said statute retroactively, however, it must be assumed that said statute is not applicable to the present case. That is not to say, however, that other causes of action may not exist (see, Berkeley v Park, supra; Prosser and Keeton, Torts § 36 [5th ed 1984]).
Plaintiff does not rely exclusively upon General Obligations Law § 11-100, but rather relies in part upon Penal Law § 260.20 (4), which reads in part as follows:
"A person is guilty of unlawfully dealing with a child when
* * *
"4. He gives or sells or causes to be given or sold any alcoholic beverage * * * to a child less than nineteen years old; except that this subdivision does not apply to the parent or guardian of such a child”.
In that the facts herein establish that defendant breached said statute, a fact confirmed in part by defendant’s plea of guilty, there remains only the question of whether such a breach is to be considered evidence of common-law negligence or not. Further, there is the issue of whether an action predicated upon a breach of said statute is limited to the minor alone, or whether it may be brought by an injured third party.
A review of the cases to date shows that a breach of said statute may be considered as evidence of negligence in cases where a minor is injured as a result of being provided intoxicants (see, Dynarski v U-Crest Fire Dist., 112 Misc 2d 344 [1981]). Defendants rely upon the case of Gabrielle v Craft (75 AD2d 939 [3d Dept 1980]) in support of their contentions that *812 no liability exists for a social host, even in cases of injury to a minor. A reading of said case, however, discloses that no mention is made of section 260.20 (4).
There remains undecided, therefore, whether liability may exist in instances such as the present one, where the injured party is not the minor, but rather a third party. This court herein concludes that a third party may bring an action in common-law negligence for injuries that are shown to be causally connected to a breach of Penal Law § 260.20 (4).
While there can be no doubt that section 260.20 (4) was enacted to protect minors from the injurious effects commonly associated with certain actions, occurrences and substances, it cannot be said that said intent was meant to be exclusive. Experience has shown that drinking by underaged persons produces not only injurious consequences to the minor, but to others. This is especially so when you combine the drinking with driving. Recent State and national studies have shown a direct corollary between teenage drinking and the number of motor vehicle accidents and resulting injuries and deaths (see, Governor’s memorandum, 1985 McKinney’s Session Law News, at A-813). Such has led the Federal Government and various States to enact legislation to raise the legal drinking age to 21 years (see, 23 USC § 158; Lillis, Williams, Chupka & Williford, Highway Safety Considerations in Raising the Minimum Legal Age for Purchase of Alcoholic Beverages to Nineteen in New York State, Bureau of Alcohol and Highway Safety, Division of Alcoholism and Alcohol Abuse, Research Report No. 12 [1982]). As previously stated, the rationale of a finding of no liability for a social host is that the fault is deemed that of the able-bodied person drinking and not that of the supplier (see, Edgar v Kajet, 84 Misc 2d 100, supra). Also dictating said result is the practical difficulties associated with nonprofessionals dealing with other adult guests (see, Edgar v Kajet, supra, at pp 103-104). The holding of a social host liable for violations of Penal Law § 260.20 (4), however, presents neither of these difficulties. A minor by reason of his or her immaturity is not "able-bodied” to be able to drink or to make informed judgments in this regard. Therefore, the fault is not so much that of the minor, but that of the supplier. Further, a simple test whether to serve alcohol or not is readily available to a host. Said determination need not be based on the condition of the party to be served, but solely upon the age of the person. One may refuse to serve a drink *813 to a minor much more readily than one may deny a drink to an adult social guest.
The defendant Bostwick testified at an examination before trial that he was aware that minors would be present and would be drinking beer, thereby exhibiting a willful disregard for the law in this regard. There seems to be little rationale to say that it is a crime to serve an alcoholic drink to a minor for which you may be fined and/or imprisoned, but that you cannot be held civilly liable for doing so. Furthermore, there is sufficient proof in the present case to support a jury finding that not only did defendant Bostwick know that defendant Orr was underage, but that he knew or should have known that said defendant was intoxicated at the party.
There can be no doubt but that the tragedies commonly associated with teen-age drinking led the State Legislature to enact General Obligations Law § 11-100 to specifically spell out a cause of action for any damages resulting from selling or providing a person under age 19 with intoxicants. Applying general common-law principles of negligence to the facts of the present case, however, likewise lead to the conclusion that the plaintiff has alleged, and the facts support, a valid cause of action in negligence. Such common-law elements are duty owed, breach of said duty and injury to the plaintiff as a result thereof (see, Akins v Glens Falls City School Dist., 53 NY2d 325, 333 [1981]; Ehlinger v Board of Educ., 96 AD2d 708 [4th Dept 1983]; Prosser and Keeton, Torts § 30, at 164, 165 [5th ed]).
Penal Law § 260.20 (4) sets forth a duty not to provide underaged persons with intoxicants. As previously stated, there is evidence to support a finding that there has been a breach of this duty, and there can be no question but that the plaintiff has been damaged. There remains only the question of whether or not there is a causal relationship existing between the breach and injury. This is a jury question.
Proof of violation of General Obligations Law § 11-100 may well constitute liability as a matter of law for injuries resulting to others as a member of a protected class. Said action being an independent statutory cause of action separate and apart from common-law negligence, contributory negligence is not a factor (see, e.g., Pierce v International Harvester Co., 61 AD2d 255 [4th Dept 1978]). With respect to common-law liability for injuries to others by reason of violation of Penal Law § 260.20 (4), however, proof of violation of the statute is *814 not to be considered negligence as a matter of law, but simply as only some evidence of negligence. Facts concerning the age of the drinker, the amount of intoxicants involved, the knowledge of the provider of the sobriety of the infant at the time, the foreseeability of injury to others, the comparative negligence of the injured party, and a host of other relevant matters are all factors to be considered by the trier of facts in determining whether or not there exists a causal relationship between the breach and the damages complained of.
Applying the foregoing to the facts of the present case, it is the holding of this court that plaintiff has made out a prima facie cause of action in common-law negligence against the defendant Mark J. Bostwick, Sr.
Turning next to the cause of action alleged against the defendant Club, this court likewise concludes that plaintiff has made out a prima facie case, both in common-law negligence and for alleged violations of the State’s Dram Shop Act. Defendant Club seeks dismissal of the statutory action on the grounds that the facts fail to show a sale and that there was no direct control by Club personnel over the dispensing of the beer to the guests. The defendant argues that the rationale of the Dram Shop Act is to place liability upon a commercial operator who has direct contact with the purchaser, and is therefore in a position to protect a sale to one who is intoxicated. In the present case, the beer was dispensed on a self-serve basis, with defendant supplying the kegs of beer, connecting the taps and providing the glasses. A representative of the Club was allegedly present throughout the party, whose duty it was to replenish the beer as needed and to record and charge the host for it. Presumably, it was said representative’s duty also to see that the party proceeded smoothly and orderly. A jury, depending upon all the above facts, may well conclude, as a question of fact, that the Club and defendant Castor did exercise sufficient control over the dispensing of the beer as to render both he and the Club liable under the Dram Shop Act. One should not be permitted to escape liability by merely permitting its customers to serve themselves rather than providing individual service. To the contrary, it would seem reasonable that a commercial dispenser of intoxicants has a duty to make sure that its customers do not make too much of a good thing so to speak. This is especially true when the customers are known to be underage. In this regard, it is to be noted that the defendant Castor also pleaded guilty to *815 unlawfully dealing with a child in violation of Penal law § 260.20 (4).
Defendant Club’s denial of liability by reason of a lack of proof of a sale is likewise without merit. Under the present circumstances, it matters not that the sale of beer was by the keg and not by the glass. The fact remains that the Club was paid for the beer consumed on the premises, and as such must qualify as a sale within the meaning of statute. This is not a case of a supplier who merely delivers intoxicants to another for dispensing and thereafter has no further control over the same. Consequently, this court finds that the plaintiffs complaint set forth a prima facie cause of action under the Dram Shop Act.
Likewise, concerning the Club’s liability under common-law negligence, questions of fact exist with respect to defendant Castor’s duties and authority, just what control he exercised over the gathering during the time of the party, just what knowledge concerning defendant Orr’s condition he had or should have had, and the suitability of his actions in light of said facts. In that no discovery has been had on these issues, no informed judgment may be rendered at this stage of the proceeding. The very same factors which support an action in common-law negligence against the defendant Orr, however, form a basis for a common-law action against the defendant Club.
Under the principle that all facts must be viewed most favorably to the plaintiff on a defendant’s motion to dismiss, it is necessary to deny defendants’ motions at this time.

. Defendant Orr argues that his guilty plea was in the nature of an Alford plea and that his plea should therefore not be considered as an admission to the underlying facts of the charge. It is not necessary to the disposition of this motion to rule on said issue at this time.

. Laws of 1983 (ch 641, § 1) created a statutory cause of action for compensation for injury or damage caused by the intoxication of a person under the age of 19 years against any persons who have wrongly caused the *811 intoxication or impairment of ability by unlawfully furnishing to or unlawfully assisting and procuring alcoholic beverages for an underaged person, and reads as follows: "Any person who shall be injured in person, property, means of support or otherwise, by reason of the intoxication or impairment of ability of any person under the age of nineteen years, whether resulting in his death or not, shall have a right of action to recover actual damages against any person who knowingly causes intoxication or impairment of ability by unlawfully furnishing to or unlawfully assisting in procuring alcoholic beverages for such person with knowledge or reasonable cause to believe that such person was under the age of nineteen years.”