KAREN MALORNEY, Plaintiff-Appellee, v. B & L MOTOR FREIGHT, INC., Defendant-Appellant.

First District (5th Division)   No. 85—2310

Opinion filed July 18, 1986.

Dowd & Dowd, Ltd., of Chicago (Michael E. Dowd and Joel S. Ostrow, of counsel), for appellant.

Frank M. Bonifacic, of Madigan, Stanner, Kahn, Bonifacic & Getzendanner, and William J. Harte, of William J. Harte, Ltd., both of Chicago, for appellee.

JUSTICE MURRAY delivered the opinion of the court:

This is an interlocutory appeal pursuant to Supreme Court Rule 308 (87 Ill. 2d R. 308) by defendant B & L Motor Freight, Inc. (B & L), from a trial court order denying its motion for summary judgment. This court granted defendant's motion for leave to appeal upon certification of the issue by the trial court. The issue certified is whether defendant had a duty under the circumstances of this case to investigate Edward Harbour's nonvehicular criminal record and to verify his negative response regarding criminal offenses which he furnished on his employment application prior to employing him and furnishing him an over-the-road truck with sleeping facilities.

The circumstances of this case are as follows. Edward Harbour applied for a position of over-the-road driver with defendant B & L. On the employment application, Harbour was questioned as to whether he had any vehicular offenses or other criminal convictions. His response to the vehicular question was verified by B & L; however, his negative answer regarding criminal convictions was not verified by B & L. In fact, Harbour had a history of convictions for violent sex-related crimes and had been arrested the year prior to his employment with B & L for aggravated sodomy of two teenage hitchhikers while driving an over-

the-road truck for another employer. Upon being hired by B & L, Harbour was given written instructions and regulations, including a prohibition against picking up hitchhikers in a B & L truck.

Subsequently, on January 24, 1978, at an Indiana toll-road plaza, Harbour picked up plaintiff Karen Malorney, a 17-year-old hitchhiker. In the sleeping compartment of his truck, he repeatedly raped and sexually assaulted plaintiff, threatened to kill her, and viciously beat her. After being released, plaintiff notified police. Harbour was arrested, convicted, and sentenced to 50 years' with no parole. Plaintiff's complaint charges defendant B & L with recklessness and wilful and wanton misconduct in negligently hiring Harbour as an over-the-road driver without adequately checking his background and providing him a vehicle with a sleeping compartment. Plaintiff seeks compensatory and punitive damages from B & L.

Defendant B & L filed a motion for summary judgment contending that it had no duty to verify Harbour's negative response to the question regarding criminal convictions. In denying defendant's motion, the trial court found that (1)Harbour was hired as an over-the-road driver and furnished with a truck equipped with sleeping quarters; (2) B & L instructed Harbour not to pick up hitchhikers; and (3) it is common knowledge that hitchhikers frequent toll plazas which would show that B & L knew drivers are prone to give rides to hitchhikers. The court concluded that these facts show that B & L had a duty to check Harbour's criminal background and certified the issue for interlocutory appeal.

Defendant argues that it had no duty to investigate Harbour's non-vehicular criminal background nor to verify his denial thereof because of a lack of foreseeability that he would use the truck to pick up and sexually assault a hitchhiker. To impose such a duty would be against public policy by placing too great a burden on employers. On the other hand, plaintiff posits the argument that factual issues exist which preclude summary judgment and require a jury determination. We agree and must affirm the trial court for the following reasons.

■ Defendant correctly argues that the existence of a duty is a question of law to be determined by the court, rather than by the factfinder. (*Curtis v. County of Cook* (1983), 98 Ill. 2d 158, 163, 456 N.E.2d 116, 119.) However, once a duty has been found, the question of whether the duty was properly performed is a fact question to be decided by the trier of fact, whether court or jury. *Johnson v. Hoover Water Well Service* (1982), 108 Ill. App. 3d 994, 1003, 439 N.E.2d 1284, 1290.

■■ The existence of a legal duty is not dependent on foresee-

ability alone, but includes considerations of public policy and social requirements. (*Zimmerman v. Netemeyer* (1984), 122 Ill. App. 3d 1042, 1047, 462 N.E.2d 502, 506.) In Illinois, two duties, among others not pertinent here, are imposed by law on owners of vehicles who permit or hire other persons to drive on our highways. The first duty requires that the degree of care which an owner should exercise in selecting a driver is that which a reasonable person would exercise under the circumstances. (*Tansey v. Robinson* (1960), 24 Ill. App. 2d 227, 236, 164 N.E.2d 272, 276-77.) An owner or employer also owes a duty in connection with the entrustment of vehicles to others. In other words, a vehicle owner has a duty to deny the entrustment of a vehicle to a driver it knows, or by the exercise of reasonable diligence could have known, is incompetent. (See *Seward v. Griffin* (1983), 116 Ill. App. 3d 749, 754, 452 N.E.2d 558, 563.) In addition to these duties, it is well settled in Illinois that a cause of action exists against an employer for negligently hiring a person the employer knew, or should have known, was unfit for the job. *Easley v. Apollo Detective Agency, Inc.* (1979), 69 Ill. App. 3d 920, 931, 387 N.E.2d 1241, 1248.

▮ B & L contends that a reasonable and prudent motor carrier could not foresee that one of its drivers would rape and assault a hitchhiker. The court in *Neering v. Illinois Central R.R. Co.* (1943), 383 Ill. 366, 367, 50 N.E.2d 497, in discussing foreseeability stated that the ultimate injury must be the natural and probable result of the negligent act or omission such that an ordinary and prudent person ought to have foreseen as likely its occurrence as a result of the negligence. It is not essential that one should have foreseen the precise injury which resulted from the act or omission. (383 Ill. 366, 380, 50 N.E.2d 497.) This interpretation thus requires an employer to exercise that degree of care reasonably commensurate with the perils and hazards likely to be encountered in the performance of an employee's duty, *i.e.*, such care as a reasonably prudent person would exercise in view of the consequences that might reasonably be expected to result if an incompetent, careless, or reckless agent were employed for a particular duty. *Western Stone Co. v. Whalen* (1894), 151 Ill. 472, 485, 38 N.E. 241, 244.

▮ Applying these principles to the present case, it is clear that B & L had a duty to entrust its truck to a competent employee fit to drive an over-the-road truck equipped with a sleeping compartment. Lack of forethought may exist where one remains in voluntary ignorance of facts concerning the danger in a particular act or instrumentality, where a reasonably prudent person would become advised, on the theory that such ignorance is the equivalent of negligence. (See 57 Am. Jur. 2d *Negligence* sec. 56 (1971).) Bearing in mind the facts that B

& L gave Harbour an over-the-road vehicle with a sleeping compartment and that B & L probably knew, or should have known, that truckers are prone to give rides to hitchhikers despite rules against such actions, the question now becomes one of fact—whether B & L breached its duty to hire a competent driver who was to be entrusted with a B & L over-the-road truck.

■ Regarding defendant's public-policy argument, there is no evidence in the record to justify the contention that the cost of checking on the criminal history of all truck-driver applicants is too expensive and burdensome when measured against the potential utility of doing so.

■ Finally, we note that a question of foreseeability is at times a question for the court and at times, if varying inferences are possible, a question for the jury. (*Ney v. Yellow Cab Co.* (1954), 2 Ill. 2d 74, 83, 117 N.E.2d 74, 80.) In the present case, B & L did have a duty to check into Harbour's background so as to ascertain whether he would be a fit employee. Based on the circumstances of this case, it is apparent that reasonable persons could arrive at different conclusions as to whether B & L used due care in the performance of this duty when it employed Harbour. Questions which are composed of such qualities sufficient to cause reasonable persons to arrive at different results should never be determined as matters of law. (*Ney v. Yellow Cab Co.* (1954), 2 Ill. 2d 74, 84, 117 N.E.2d 74, 80.) Questions of negligence, due care, and proximate cause are questions of fact to be determined by the factfinder. *Johnson v. Hoover Water Well Service* (1982), 108 Ill. App. 3d 994, 1003, 439 N.E.2d 1284, 1290.

In affirming the trial court's denial of summary judgment, we are not expressing any opinion as to the resolution of the facts in this case. Plaintiff has the heavy burden of proving that defendant B & L negligently performed a duty it owed her in entrusting Harbour with an over-the-road truck, and if negligence is found, that it proximately caused her injury. These questions, including the issue of whether defendant negligently hired Harbour by not checking his criminal background, are questions for the trier of fact and become a question of law only when the ultimate facts have been determined by the factfinder.

For these reasons, the order denying summary judgment for defendant is affirmed and the cause is remanded for further proceedings.

Affirmed and remanded.

LORENZ and PINCHAM, JJ., concur.