FIRST OF AMERICA TRUST COMPANY, as Special Adm'r of the Estates of Lawrence A. Jensen, Deceased, *et al.*, Plaintiff-Appellant, v. JAMES R. McMURRAY, JR., *et al.*, Defendants-Appellees.

Fourth District   No. 4—93—0207

Opinion filed September 2, 1993.

KNECHT, J., dissenting.

Thomas M. Harris, of Jerome Mirza & Associates, Ltd., of Bloomington, for appellant.

John P. Lynaugh, of John P. Lynaugh, Ltd., and Philip Schickedanz, both of Springfield, for appellees.

JUSTICE McCULLOUGH delivered the opinion of the court:

The circuit court of Champaign County dismissed, with prejudice, counts V through XII of plaintiff's complaint alleging common law negligence against defendants Cochrane's on Daniel, Inc., and Cochrane's of Champaign, Inc. (Ill. Rev. Stat. 1991, ch. 110, par. 2—615.) Plaintiffs appeal that dismissal urging this court to recognize a common law cause of action for persons injured as a result of the sale of alcohol to minors. We decline to create such an exception to the Illinois Dramshop Act (Ill. Rev. Stat. 1991, ch. 43, par. 135) and therefore affirm the trial court's dismissal of plaintiff's complaint.

On June 15, 1991, a one-car accident took the lives of Lawrence A. Jensen and Mark DiPlacido. Decedents, along with the driver of the automobile, James R. McMurray, Jr., had been at two taverns

(defendants herein) in Champaign. McMurray was 19 years of age at the time of the accident, which is the minimum age required to enter these two taverns. He purchased and consumed alcohol while inside these two establishments. At no time while inside the taverns was he required to produce proof that he was old enough to purchase the alcohol. Plaintiff alleged McMurray became intoxicated as a result of consuming alcohol served by defendants' employees. While driving home to Gibson City from Champaign, McMurray lost control of his car, skidded off the roadway and smashed into a utility pole fatally injuring decedents.

Plaintiff filed a multicount complaint against McMurray, the highway commissioner of Condit, the Condit Township and the two taverns, Cochrane's on Daniel, Inc., and Cochrane's of Champaign, Inc. The counts against the taverns alleged negligence in serving alcohol to McMurray as he was a minor and intoxicated. On December 11, 1992, the trial court granted Cochrane's on Daniel's motion to dismiss, finding:

> "Defendant, Cochrane's on Daniel has moved to dismiss counts V through XII of the complaint, which alleged negligence. Illinois Revised Statutes, chapter 43, section 135 provides the sole and exclusive remedy against this defendant notwithstanding that plaintiff argues for a legislative change."

The trial court made a Rule 304(a) finding (134 Ill. 2d R. 304(a)) that there was no just reason for delaying enforcement or appeal of the December 11, 1992, order and plaintiff timely filed its notice of appeal.

Plaintiff has urged this court to recognize a common law cause of action for persons injured as a result of the sale or gift of alcohol by vendors to a minor. Plaintiff acknowledges that Illinois does not recognize actions grounded in common law negligence against liquor providers and the Dramshop Act provides the sole remedy to third persons injured by intoxicated persons. Therefore, despite plaintiff's desire for this court to recognize a common law cause of action for negligence against vendors of alcohol, our decision in *Puckett v. Mr. Lucky's Ltd.* (1988), 175 Ill. App. 3d 355, 529 N.E.2d 1169, supports the trial court's order. While we recognize the First District Appellate Court's decision in *Cravens v. Inman* (1991), 223 Ill. App. 3d 1059, 586 N.E.2d 367, in which the court held that social hosts are liable in negligence under certain circumstances for automobile accident injuries caused by intoxicated minor drivers, we do not believe that decision should alter our position

here. Therefore, as we noted in *Puckett,* we find the decision to change the law is best left to the supreme court or the legislature. Thus, the decision of the circuit court of Champaign County is affirmed.

Affirmed.

GREEN, J., concurs.

JUSTICE KNECHT, dissenting:

I respectfully dissent for all the reasons stated in *Puckett* (175 Ill. App. 3d at 358, 529 N.E.2d at 1171 (Knecht, J., dissenting)). Since that decision in 1988, the first district has decided *Cravens.* One of the most important qualities of the law is a consistent predictability coupled with the capacity to change. We have a duty to meaningfully consider the plaintiff's request to recognize a common law cause of action. It does not create havoc or an impossible burden to tell sellers of alcohol that the negligent sale of alcohol to a minor who then injures a third person is actionable.

Liquor vendors who illegally sell alcohol to minors pose a danger to the health, safety and welfare of all our citizens. Illinois has made great strides in enforcement of the laws on driving under the influence of alcohol, and in restricting the driving privileges of citizens who abuse alcohol. Recognizing a limited exception to the common law rule of nonliability of dramshops when alcohol is sold to a minor who consequently causes injury to a third person would be another step in the right direction.