JANICE CRAVENS, Special Adm'r of the Estate of Joleen Cravens, Deceased, Plaintiff-Appellant, v. DAVID INMAN *et al.*, Defendants-Appellees.

First District (4th Division) No. 1—90—1124

Opinion filed December 19, 1991.

Baskin, Server, Berke & Weinstein, of Chicago (Perry M. Berke and John R. Malkinson, of counsel), for appellant.

Hinshaw & Culbertson, of Chicago (Joseph J. O'Connell, Joshua G. Vincent, and Gary J. Bazydlo, of counsel), for appellees.

Richard F. Mallen, of Chicago, for *amicus curiae*.

JUSTICE McMORROW delivered the opinion of the court:

Joleen Cravens, the minor daughter of Janice Cravens (plaintiff), died from injuries sustained in an automobile accident which occurred while Joleen was a passenger in a motor vehicle driven by her friend, Rita Lenzi (Lenzi), also a minor. Plaintiff filed suit against Lenzi, David and Rita Inman (defendants), and other persons not parties to this appeal. In counts II and III of her complaint, plaintiff alleged that the defendants negligently served Lenzi alcohol at a social gathering at the defendants' home, allowed Lenzi to become intoxicated and leave the social gathering in an automobile, and that Lenzi thereafter drove the car in a reckless manner resulting in a crash that caused the death of the plaintiff's daughter. The trial court dismissed counts II and III against defendants, and plaintiff appeals. Because we conclude that counts II and III of plaintiff's complaint were suffi-

cient to state claims for which relief may be granted based upon common law principles of negligence, we reverse and remand.

The allegations of plaintiff's second amended complaint, which we accept as true for the purpose of review (*Ziemba v. Mierzwa* (1991), 142 Ill. 2d 42, 566 N.E.2d 1365), alleged the following. On or about October 31, 1987, defendants held a housewarming party at their New Lenox, Illinois, home. The defendants invited adult guests and various minor friends and acquaintances of their son. These minors included Lenzi and plaintiff's daughter, Joleen. The complaint alleges that Joleen and Lenzi were under 16 years of age on the date of the party.

Plaintiff alleged that the defendants knowingly served beer and alcohol to all guests, without supervision and without determining or observing whether minors were consuming these beverages. Plaintiff alleged that the defendants knew, or in the exercise of ordinary care should have known, that many, if not all, of their guests arrived at the housewarming party by automobile, that the guests intended to leave by the same method, and that consumption of alcoholic beverages by their guests, including the minors, could and would affect their mental faculties as well as their ability to safely and properly operate a motor vehicle.

Plaintiff alleged that although defendants knew that many of their guests were minors and that alcohol was being served to all guests, the defendants served liquor, and entrusted and permitted their minor son to serve liquor, to the minor son's friends, including Lenzi, throughout the course of the party. Plaintiff alleged that defendants continued to do so after the defendants knew or should have known that such alcohol consumption by the minor guests was causing the minors to become intoxicated and to show "the effects of said intoxication."

According to plaintiff's complaint, defendants permitted Lenzi to continue her alcohol consumption at the housewarming party even after Lenzi had reached a "state of intoxication." Plaintiff alleged that as a result of this intoxication, Lenzi's judgment, senses and faculties became totally impaired, thereby preventing her from appreciating and having an awareness of her condition. Plaintiff alleged that defendants made no effort to determine the manner in which Lenzi was planning on leaving their premises or her physical condition at the time she in fact left the premises.

Plaintiff alleged that Lenzi left the defendants' home with other guests, including plaintiff's minor daughter, in an automobile owned by another minor who attended the party, Gerard Neauveau (Neauveau). Thereafter, Lenzi took control of the motor vehicle in

which the daughter was a passenger. Plaintiff alleged that at this time, Lenzi drove in an uncontrolled and reckless manner, including the avoidance of police pursuit, until Lenzi lost control of the vehicle and it crashed, thereby causing plaintiff's daughter to sustain injuries resulting in her death.

Plaintiff sought damages from defendants based upon common law negligence (count II), breach of statutory duties giving rise to common law negligence (count III), and violation of the Illinois Dramshop Act (Ill. Rev. Stat. 1989, ch. 43, par. 135) (count IV). Plaintiff also alleged negligence claims against Lenzi (count I) and against Neauveau (count V). We note that in count V, directed against Neauveau, plaintiff alleged that when the group initially left the housewarming party, Neauveau was driving the automobile. Plaintiff further alleged that Neauveau stopped at a gas station, got out of the car, and left the motor running and the keys in the ignition. At this point, Lenzi got behind the wheel and began driving the car. Plaintiff alleged that neither Lenzi nor her daughter was of lawful age to drive a motor vehicle, and that neither possessed a license to operate an automobile.

Upon defendants' motion under section 2—615(a) of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—615(a)), the trial court dismissed counts II, III, and IV for failure to state claims for which relief could be granted (Ill. Rev. Stat. 1989, ch. 110, par. 2—615), and found no just reason to delay enforcement of or appeal from this ruling (134 Ill. 2d R. 304(a)). Plaintiff appeals from the dismissal of counts II and III of her second amended complaint.

The fundamental question presented for our review is whether the facts alleged give rise, under Illinois common law, to claims for defendant's negligence liability with respect to the injuries sustained by plaintiff and her deceased daughter. Relying on *stare decisis*, the defendants claim that we should adopt the view of prior Illinois Appellate Court decisions that have declined to recognize social host liability for the provision of alcohol to a minor resulting in injury, on the ground that such liability is preempted by the Illinois Dramshop Act, and requires consideration of factors best resolved by the Illinois legislature or the Illinois Supreme Court. Plaintiff responds that Illinois jurisprudence does not prevent recognition of plaintiff's common law negligence claims, and that this court should adopt the view of other jurisdictions that have recognized social host liability under facts similar to those presented herein.

## I. CIVIL LIABILITY FOR ALCOHOL-RELATED INJURIES

■■ In Illinois, a commercial vendor's civil liability for alcohol-related injuries is governed by the Dramshop Act (Act) (Ill. Rev. Stat. 1989, ch. 43, par. 135). Subsection (a) of the Act currently states in pertinent part:

> "Every person who is injured within this State, in person or property, by any intoxicated person has a right of action in his or her own name, severally or jointly, against any person, licensed under the laws of this State or of any other state to sell alcoholic liquor, who, by selling or giving alcoholic liquor, within or without the territorial limits of this State, causes the intoxication of such person." (Ill. Rev. Stat. 1989, ch. 43, par. 135(a).)

Subsection (a) further provides that an "action shall lie for injuries to means of support caused by an intoxicated person or in consequence of the intoxication of any person resulting as hereinabove set out." (Ill. Rev. Stat. 1989, ch. 43, par. 135(a).) The Act limits recovery (1) for injury to the person or property to a maximum of $30,000 for each person incurring damages, and (2) for loss of means of support to a maximum of $40,000. (Ill. Rev. Stat. 1989, ch. 43, par. 135(a).) Subsection (b) of the Act provides in pertinent part that "[o]nly causes of action arising under subsection (a) *** may be asserted against a defendant in an action in which jurisdiction over him or her is based upon this subsection." Ill. Rev. Stat. 1989, ch. 34, par. 135(b); see generally Ogilvie, *History & Appraisal of the Illinois Dram Shop Act*, 1958 U. Ill. Law Forum 175; Comment, *The Continuing Search for Solutions to the Drinking Driver Tragedy & the Problem of Social Host Liability*, 82 Nw. U.L. Rev. 403 (1988); Comment, *Social Host Liability In Illinois: Right Without a Remedy*, 19 J. Marshall L. Rev. 735 (1986); Comment, *Reconsidering the Illinois Dram Shop Act: A Plea for the Recognition of a Common Law Action in Contemporary Dram Shop Litigation*, 19 J. Marshall L. Rev. 49 (1985).

Certain provisions of the Liquor Control Act of 1934 (Ill. Rev. Stat. 1989, ch. 43, par. 93.9 *et seq.*) pertain to the provision of alcohol to a minor. Section 6—20 explicitly forbids the consumption of alcohol by anyone under 21 years of age, and prohibits the furnishing of alcohol to an underage person. This section only permits underage alcohol consumption when it occurs "in the performance of a religious service or ceremony, or *** under the direct supervision and approval of the parents or parent or those persons standing in loco parentis of such person under 21 years of age in the privacy of a home." (Ill. Rev.

Stat. 1989, ch. 43, par. 134a.) Violation of this provision is a Class C misdemeanor.

Section 6—16(c) of the Liquor Control Act prohibits a minor's consumption of alcohol at a social gathering:

"(c) Any person shall be guilty of a petty offense where he or she knowingly permits a gathering at a residence which he or she occupies of two or more persons where any one or more of the persons is under 18 years of age and the following factors also apply:

(1) the person occupying the residence knows that any such person under the age of 18 is in possession of or is consuming any alcoholic beverage; and

(2) the possession or consumption of the alcohol by the person under 18 is not otherwise permitted by this Act; and

(3) the person occupying the residence knows that the person under the age of 18 leaves the residence in an intoxicated condition." Ill. Rev. Stat. 1989, ch. 43, par. 131(c).

The Dramshop Act has been the subject of numerous judicial pronouncements. Two Illinois Supreme Court decisions, *Cruse v. Aden* (1889), 127 Ill. 231, 20 N.E. 73, and *Cunningham v. Brown* (1961), 22 Ill. 2d 23, 174 N.E.2d 153, are cited by the parties in the case at bar as particularly significant in this cause.

In *Cruse* (127 Ill. 231, 20 N.E. 73), a wife filed suit against an acquaintance of her husband, at whose home the husband had consumed alcohol and become intoxicated. The pleading alleged that the husband, in returning on horseback from the acquaintance's house, was thrown from his horse and died. The wife claimed that the Dramshop Act permitted her to recover damages from the social host who furnished the husband alcohol.

The Illinois Supreme Court rejected the wife's argument and held that the Dramshop Act does not apply when a social host has provided alcohol to an adult who becomes intoxicated and injures himself. The court initially noted that the wife's suit could not be founded on common law principles of negligence, observing that "[i]t was not a tort, at common law, to either sell or give intoxicating liquor to 'a strong and able-bodied man' " and noting that the plaintiff's suit was not a common law tort action. (*Cruse*, 127 Ill. at 234.) Based upon its review of the various provisions of the Dramshop Act, the court determined that the Act does not apply to individuals who are not engaged in the commercial sale of alcohol. (127 Ill. at 239.) On this basis, the court concluded that the cause of action created by the Act

was not intended to govern a social host's provision of alcohol to a guest. 127 Ill. at 239.

In *Cunningham* (22 Ill. 2d 23, 174 N.E.2d 153), the plaintiffs filed suit against a tavern owner who had served alcohol to their husband and father, who thereafter suffered alcohol-related depression and took his own life. The plaintiffs argued that in addition to a claim under the Dramshop Act, they should also be permitted to state a civil action for violation of the provision in the Liquor Control Act that prohibits the sale of alcohol to an intoxicated person, as well as a common law negligence action. In considering the plaintiff's arguments, the court noted that prior to adoption of the Dramshop Act, no reported case involved the question of common law negligence liability of a dramshop owner and that decisions subsequent to adoption of the Act were based upon that Act rather than the common law. 22 Ill. 2d at 25-26.

Upon a review of the historical background of the Act and its amendments, the court determined that there was no additional civil action for violation of the statute, reasoning that the legislature enacted the Dramshop Act in order to create a new remedy that did not exist prior to adoption of the Act. (22 Ill. 2d at 28-29.) The court then turned to a consideration of whether it should recognize a common law remedy in addition to that provided in the Dramshop Act. The court found "some merit" to the plaintiffs' argument that the knowing sale of alcohol to an intoxicated person could be a proximate cause of alcohol-induced injuries. (22 Ill. 2d at 30.) Nevertheless, the court declined to recognize a common law tort remedy for a dramshop owner's sale of alcohol to an intoxicated adult, noting that such a common law remedy would be virtually identical to and duplicative of the remedy provided for under the Dramshop Act. 22 Ill. 2d at 30.

Other Illinois Supreme Court decisions have also observed that the Dramshop Act provides the exclusive remedy for injuries caused by an intoxicated adult who was served liquor by a dramshop owner. *E.g., Hopkins v. Powers* (1986), 113 Ill. 2d 206, 497 N.E.2d 757 (dramshop owner is not subject to "liability in tort" for purpose of contribution among joint tortfeasors); *Wimmer v. Koenigseder* (1985), 108 Ill. 2d 435, 484 N.E.2d 1088 (Wisconsin dramshop not subject to jurisdiction under Illinois long-arm statute); *Graham v. General U.S. Grant Post No. 2665* (1969), 43 Ill. 2d 1, 248 N.E.2d 657 (Dramshop Act has no extraterritorial effect outside Illinois; reaffirmed *Cunningham* ruling that Act preempts common law negligence liability for dramshop sale of alcohol to adult); see also *Stevens v. Lou's Lemon Tree, Ltd.* (1989), 187 Ill. App. 3d 458, 543 N.E.2d 293 (Dramshop

Act is exclusive remedy for injuries resulting from tavern owner's sale of alcohol to adult).

Based upon this precedent, our appellate court has held that the Dramshop Act precludes recognition of common law negligence liability for a commercial vendor's sale of liquor to a minor. *Goodknight v. Piraino* (1990), 197 Ill. App. 3d 319, 554 N.E.2d 1; *Puckett v. Mr. Lucky's Ltd.* (1988), 175 Ill. App. 3d 355, 529 N.E.2d 1169; *Ruth v. Benvenutti* (1983), 114 Ill. App. 3d 404, 449 N.E.2d 209; *Gora v. 7-11 Food Stores* (1982), 109 Ill. App. 3d 109, 440 N.E.2d 279; *Shepherd v. Marsaglia* (1961), 31 Ill. App. 2d 379, 176 N.E.2d 473; see also *Demchuk v. Duplancich* (1982), 92 Ill. 2d 1, 440 N.E.2d 112 (one-year statute of limitations under Act applicable to minors; court refused to consider whether it should recognize common law action for negligence based on Liquor Control Act's prohibition of sale of alcohol to minors, as claim not properly presented for review).

The Act preempts common law negligence liability for a business or social host's provision of alcohol to an adult who becomes intoxicated and inflicts injuries upon a third party. *E.g., Thompson v. Trickle* (1983), 114 Ill. App. 3d 930, 449 N.E.2d 910; *Richardson v. Ansco, Inc.* (1979), 75 Ill. App. 3d 731, 394 N.E.2d 801; *Camille v. Berry Fertilizers, Inc.* (1975), 30 Ill. App. 3d 1050, 334 N.E.2d 205.

In addition, our appellate court has usually declined to acknowledge common law negligence liability where a social host has provided liquor to a minor. *Estate of Ritchie v. Farrell* (1991), 213 Ill. App. 3d 846, 572 N.E.2d 367 (social host who provided alcohol to minor not liable for minor's death from acute alcohol intoxication); *Flory v. Weaver* (1990), 196 Ill. App. 3d 149, 553 N.E.2d 105 (social host not liable when minor guest became intoxicated and fatally shot another minor guest and himself); *Zamiar v. Linderman* (1985), 132 Ill. App. 3d 886, 478 N.E.2d 534 (social host who provided alcohol to minor not liable when intoxicated minor slipped on rug and injured himself); *Heldt v. Brei* (1983), 118 Ill. App. 3d 798, 455 N.E.2d 842 (social host who permitted party among minor child and his friends, where alcohol was available to the minors, not liable when intoxicated minor left party, drove automobile, and killed third person in car accident); *Coulter v. Swearingen* (1983), 113 Ill. App. 3d 650, 447 N.E.2d 561 (social host not liable when minor guest became intoxicated, drove car, and injured third party in vehicle collision); *Lowe v. Rubin* (1981), 98 Ill. App. 3d 496, 424 N.E.2d 710 (social host not liable when minor guest became intoxicated and struck another guest, causing loss of sight in eye); *Miller v. Moran* (1981), 96 Ill. App. 3d 596, 421 N.E.2d 1046

(social host not liable when minor guest became intoxicated, drove car, and severely injured third party in auto accident).

However, Illinois decisions have recognized the injustice of the present jurisprudence. Our courts have observed that the extraordinary toll in personal injuries and property damage caused by alcohol-related accidents "may well warrant" a reevaluation of current legal precedent in this State. (*Estate of Ritchie*, 213 Ill. App. 3d at 850.) Our decisions have also acknowledged that there "may well be validity to the position" that the Dramshop Act should not be considered an exclusive remedy when liquor is provided to a minor, and that perhaps the law should be altered so that all persons who furnish alcohol to minors are held financially accountable for injuries proximately caused by the minors' alcohol use. (*Puckett*, 175 Ill. App. 3d at 357.) It has also been cogently observed that the furnishing of alcohol to a minor seriously endangers the health, safety, and welfare of all Illinois citizens. *Puckett*, 175 Ill. App. 3d at 361 (Knecht, J., dissenting).

Nevertheless, the appellate court has concluded that any change in Illinois law should be undertaken by the legislature or our supreme court. (*E.g., Estate of Ritchie*, 213 Ill. App. 3d at 850; *Flory*, 196 Ill. App. 3d at 151-52; *Puckett*, 175 Ill. App. 3d at 357; *Zamiar*, 132 Ill. App. 3d at 890; *Coulter*, 113 Ill. App. 3d at 654; *Lowe*, 98 Ill. App. 3d at 500; *Miller*, 96 Ill. App. 3d at 599-600.) Pending such action, the appellate court has usually invoked and adhered to a general rule that the sole remedy for alcohol-related injuries is found in the Dramshop Act, under which a social host is not liable. *Estate of Ritchie*, 213 Ill. App. 3d at 849; *Zamiar*, 132 Ill. App. 3d at 888; *Heldt*, 118 Ill. App. 3d at 800; *Coulter*, 113 Ill. App. 3d at 653; *Lowe*, 98 Ill. App. 3d at 489; *Miller*, 96 Ill. App. 3d at 599; but see *Quinn v. Sigma Rho Chapter of Beta Theta Pi Fraternity* (1987), 155 Ill. App. 3d 231, 507 N.E.2d 1193 (recognizing common law negligence liability where minor "required" to consume alcohol as part of fraternity "hazing" party).

The view in Illinois that there could be no common law negligence liability for a social host's provision of alcohol to an adult, on the theory that it "was not a tort, at common law, to either sell or give intoxicating liquor to 'a strong and able-bodied man'" (*Cruse*, 127 Ill. at 234), was shared by the majority of other States in this country. (See generally 45 Am. Jur. 2d *Intoxicating Liquors* §553 (1969); 48A C.J.S. *Intoxicating Liquors* §428 (1981).) A number of States, in addition to Illinois, have enacted dramshop statutes that impose civil liability upon commercial vendors of alcohol for liquor-related injuries.

See 45 Am. Jur. 2d *Intoxicating Liquors* §561 (1969); 48A C.J.S. *Intoxicating Liquors* §429 (1981).

In contrast to the Illinois rule declining to impose social host liability for furnishing alcohol to a minor, a substantial majority of other States now recognize social host liability where the host has served alcohol to a minor who becomes intoxicated, drives an automobile, and causes an injury-producing accident. (See generally Annot., 62 A.L.R.4th 16 (1988).) For example, the following States have adopted such a view, either by case law or legislative enactment.

| | |
|---|---|
| ALABAMA | *Martin v. Watts* (Ala. 1987), 508 So. 2d 1136 |
| COLORADO | *Lyons v. Nasby* (Colo. 1989), 770 P.2d 1250; Colo. Rev. Stat. §12—47—128.5 (1990) |
| CONNECTICUT | *Ely v. Murphy* (1988), 207 Conn. 88, 540 A.2d 54 |
| DELAWARE | *DiOssi v. Maroney* (Del. 1988), 548 A.2d 1361 |
| GEORGIA | *Sutter v. Hutchings* (1985), 254 Ga. 194, 327 S.E.2d 716; Ga. Code Ann. §51—1—40 (1990) |
| IDAHO | *Slade v. Smith's Management Corp.* (1991), 119 Idaho 482, 808 P.2d 401; *Alegria v. Payonk* (1980), 101 Idaho 617, 619 P.2d 135 |
| INDIANA | *Brattain v. Herron* (1974), 159 Ind. App. 663, 309 N.E.2d 150 |
| IOWA | *Bauer v. Dann* (Iowa 1988), 428 N.W.2d 658 |
| LOUISIANA | *Gresham v. Davenport* (La. 1989), 537 So. 2d 1144; La. Rev. Stat. Ann. §9:2800.1 (West 1990) |
| MAINE | Me. Rev. Stat. Ann. tit. 28-A, §2501 *et seq.* (West 1990) |
| MASSACHUSETTS | *McGuiggan v. New England Telephone & Telegraph Co.* (1986), 398 Mass. 152, 496 N.E.2d 141 |
| MICHIGAN | *Longstreth v. Gensel* (1985), 423 Mich. 675, 377 N.W.2d 804 |

| | |
|---|---|
| MINNESOTA | Minn. Stat. §340A.801 (1990), abrogating *Holmquist v. Miller* (Minn. 1985), 367 N.W.2d 468 |
| MONTANA | *Nehring v. LaCounte* (1986), 219 Mont. 462, 712 P.2d 1329; Mont. Code Ann. §§16—6—305, 27—1—710 (1900) |
| NEW JERSEY | *Batten v. Bobo* (1986), 218 N.J. Super. 589, 528 A.2d 572 |
| NEW MEXICO | *Walker v. Key* (App. 1984), 101 N.M. 631, 686 P.2d 973; N.M. Stat. Ann. §41—11—1 (Michie 1991) |
| NEW YORK | *Montgomery v. Orr* (1986), 130 Misc. 2d 807, 498 N.Y.S.2d 968 |
| OHIO | *Mitseff v. Wheeler* (1988), 38 Ohio St. 3d 112, 526 N.E.2d 798 |
| OREGON | *Wiener v. Gamma Phi Chapter of Alpha Tau Omega Fraternity* (1971), 258 Or. 632, 485 P.2d 18; Or. Rev. Stat. §30.955 (1990) |
| PENNSYLVANIA | *Congini v. Portersville Valve Co.* (1983), 504 Pa. 157, 470 A.2d 515 |
| TEXAS | *Beard v. Graff* (Tex. App. 1990), 801 S.W.2d 158 |
| UTAH | Utah Code Ann. §32A—14—101 (1991) |
| VERMONT | *Langle v. Kurkel* (1986), 146 Vt. 513, 510 A.2d 1301; Vt. Stat. Ann. tit. 7, §501 (1991) |
| WISCONSIN | *Koback v. Crook* (1985), 123 Wis. 2d 259, 366 N.W.2d 857. |

In contrast, only one State has enacted a statute that specifically absolves a social host of civil liability for furnishing alcohol to a minor. (Cal. Bus. & Prof. Code §§25602, 25602.1 (1991) (overruling prior cases that imposed common law negligence liability for provision of alcohol to adult or minor).) We note that, exclusive of Illinois, few State courts have deferred to their legislatures to resolve whether social host civil liability should be imposed for injuries related to the provision of alcohol to a minor. *Bankston v. Brennan* (Fla. 1987), 507 So. 2d 1385; *Johnston v. KFC National Management Co.* (Haw. 1990), 788 P.2d 159; *Hebb v. Walker* (1988), 73 Md. App. 655, 536 A.2d 113;

*Garren v. Cummings & McGrady, Inc.* (1986), 289 S.C. 348, 345 S.E.2d 508; see also *Burkhart v. Harrod* (App. 1988), 110 Wash. 2d 381, 755 P.2d 759 (recognizing liability where alcohol furnished to one who was obviously intoxicated, helpless, or in a special relationship to social host).

## II. DRAMSHOP ACT'S PREEMPTIVE EFFECT ON CIVIL LIABILITY AND JUDICIAL DEFERENCE TO LEGISLATIVE ACTION

 Defendants argue that the Dramshop Act preempts common law negligence liability for a social host's provision of alcohol to a minor and that further action in this field is more appropriately undertaken by the legislature.

Legislative preemption of judicial action can occur in a variety of contexts. For example, a legislative enactment is said to preempt the judiciary's recognition of common law negligence liability when the statute explicitly provides an exclusive remedy. (See, *e.g.*, Ill. Rev. Stat. 1989, ch. 48, par. 138.5 (workers' compensation).) There is no explicit statement in the Illinois Dramshop Act, or the Illinois Liquor Control Act, with respect to whether the provisions set forth therein are deemed to preempt any civil negligence liability for a social host's provision of alcohol to a minor. Consequently, recognition of social host liability in the instant cause is not specifically preempted by the terms of the Dramshop Act or the Liquor Control Act.

Defendants suggest that the court's analysis in *Cunningham* (22 Ill. 2d 23, 174 N.E.2d 153), wherein the court refused to recognize common law negligence liability of a commercial vendor's sale of alcohol to an adult, indicates that the Dramshop Act is intended to have preemptive effect on the judiciary's development of common law negligence liability for all alcohol-related injuries. We disagree.

The court's reasoning in *Cunningham* (22 Ill. 2d 23, 174 N.E.2d 153) is not dispositive of the instant action. In *Cunningham*, the court concluded that the legislature's adoption of the Dramshop Act indicated that the legislature, by providing for commercial vendors' liability in the sale of alcohol to adults, intended to create a new remedy. (22 Ill. 2d at 29.) The Dramshop Act and the Liquor Control Act contain no provision regarding social host civil liability. As a result, we cannot say that these statutes disclose a legislative intent to create or abrogate a common law remedy for the facts presented herein. The court in *Cunningham* was also persuaded that no common law negligence liability should be imposed upon a commercial vendor for sale of alcohol to an adult because the recognition of such a cause of action would be almost coextensive to the remedy created in the Dramshop

Act. (22 Ill. 2d at 30.) In the case at bar, in contrast, recognition of social host liability would not be duplicative of a statutory liability created by the legislature.

Although the Illinois Supreme Court has held that the Dramshop Act precludes an action for common law negligence against a dramshop owner (*Cunningham*, 22 Ill. 2d 23, 174 N.E.2d 153) and an action for statutory damages under the Act against a social host who has served alcohol to an adult (*Cruse*, 127 Ill. 231, 20 N.E. 73), the Illinois Supreme Court has not ruled on the question of whether social host liability is precluded, by virtue of the Dramshop Act, under the instant facts. (*Cf. Demchuk*, 92 Ill. 2d 1, 440 N.E.2d 112 (court refused to consider whether it should recognize common law action for negligence based on Liquor Control Act's prohibition of sale of alcohol to minors, as claim not properly presented for review).) The Illinois judiciary's concern over the abuse of alcohol by minors has led our court to recognize common law negligence liability where a minor was "required" to consume alcohol as part of a fraternity "hazing" party. (*Quinn*, 155 Ill. App. 3d 231, 507 N.E.2d 1193.) The legislature has enacted no statutory amendment to codify, amend, or overrule the decisions in *Cruse, Cunningham*, or *Quinn*, nor any of the appellate court decisions that have declined to recognize social host liability for the provision of alcohol to a minor.

We, therefore, are unable to conclude that the presence of the Dramshop Act and the Liquor Control Act indicates that the Illinois General Assembly has determined that there should be no social host liability for the provision of alcohol to a minor. Nor can we find that these acts should have preclusive effect upon this court's power to develop the common law of negligence liability in this State. (*Cf. Maki v. Frelk* (1968), 40 Ill. 2d 193, 203 (Ward, J., dissenting) (" 'legislature's inaction [may be] attributable to its feeling that it is more appropriate *** for the judiciary to act' "), quoted in *Alvis v. Ribar* (1981), 85 Ill. 2d 1, 22, 421 N.E.2d 886.) Although we are firmly dedicated to the notion that the legislature and the court should exercise a shared responsibility to cooperatively develop the common law in response to the changing needs of our society, we believe that the injustice of the present jurisprudence places upon this court the imperative duty to rectify that injustice through reevaluation of our current legal precedent. *Alvis*, 85 Ill. 2d at 23-24.

■ We cannot accept defendants' claim that the decision to recognize social host liability is more properly considered by the legislature. Defendants advance the reasoning of the Wisconsin Supreme Court in *Olsen v. Copeland* (1979), 90 Wis. 2d 483, 491, 280 N.W.2d

178, adopted in *Lowe* (98 Ill. App. 3d 496, 424 N.E.2d 710) and *Miller* (96 Ill. App. 3d 596, 421 N.E.2d 1246), that the legislature is best equipped to weigh the competing factors pertaining to the issue presented in the case at bar. However, the Wisconsin Supreme Court expressly overruled *Olsen* in *Sorensen v. Jarvis* (1984), 119 Wis. 2d 627, 350 N.W.2d 108, and explicitly recognized social host common law negligence liability for injuries sustained in an accident caused by an intoxicated minor in *Koback v. Crook* (1985), 123 Wis. 2d 259, 366 N.W.2d 857. We find defendants' reliance on *Olsen* inadequate basis to support defendants' argument.

Moreover, the issues presented in the instant cause are not exclusively or uniquely a matter of legislative concern. Counts II and III of plaintiff's complaint are founded on principles of common law negligence. Our common law, which is of judicial origin, is comprised of broad, flexible principles that find their source in fundamental values of justice, logic, and common sense, and is adapted by the judiciary according to the changing demands of our society. (See, *e.g., Ney v. Yellow Cab Co.* (1954), 2 Ill. 2d 74, 117 N.E.2d 74.) As the Illinois Supreme Court noted in *Dini v. Naiditch* (1960), 20 Ill. 2d 406, 170 N.E.2d 881, wherein the court recognized the common law right of a woman to sue for loss of spousal consortium:

> "We find no wisdom in abdicating to the legislature our essential function of re-evaluating common-law concepts in the light of present day realities. Nor do we find judicial sagacity in continually looking backward and parroting the words and analyses of other courts so as to embalm for posterity the legal concepts of the past." 20 Ill. 2d at 429.

See also *Rickey v. Chicago Transit Authority* (1983), 98 Ill. 2d 546, 551, 457 N.E.2d 1, quoting *Rickey v. Chicago Transit Authority* (1981), 101 Ill. App. 3d 439, 441, 428 N.E.2d 596; *Alvis*, 85 Ill. 2d at 23-24; *Suvada v. White Motor Co.* (1965), 32 Ill. 2d 612, 210 N.E.2d 182, *affirming Suvada v. White Motor Co.* (1964), 51 Ill. App. 2d 318, 201 N.E.2d 313.

Recognition of social host liability under the instant facts will not, in our view, contradict the decision of the Illinois Supreme Court in *Cruse* (127 Ill. 231, 20 N.E. 73). The court's determination in *Cruse* that it was not actionable to furnish alcohol to a "strong and able-bodied man" is not compelling reason to deny plaintiff's recovery in the instant cause. As the court observed in *Ely v. Murphy* (1988), 207 Conn. 88, 540 A.2d 54:

> "The proposition that intoxication results from the voluntary conduct of the person who consumes intoxicating liquor as-

sumes a knowing and intelligent exercise of choice, and for that reason is more applicable to adults than to minors. With respect to minors, various legislative enactments have placed them at a disability in the context of alcohol consumption. *** These *** statutes reflect a continuing and growing public awareness and concern that children as a class are simply incompetent by reason of their youth and inexperience to deal responsibly with the effects of alcohol. ***

This growing public awareness *** causes us to conclude that common law precepts in this area also warrant reexamination." 207 Conn. at 93-94, 540 A.2d at 57.

### III. *STARE DECISIS*

■ Defendants also argue that, based upon principles of *stare decisis*, this court should adhere to precedent that has declined to recognize social host negligence liability for the provision of alcohol to a minor. Defendants assert that the rule of *stare decisis* is based on sound principles in the administration of justice, and long-standing rules should not be lightly changed or modified. Nevertheless, it is equally well established that *stare decisis* is not so static that it deprives the court of all power to develop the law. (*Alvis*, 85 Ill. 2d at 24.) Moreover, the maintenance of stability in our legal concepts does not and should not occupy a preeminent position over the judiciary's obligation to reconsider legal rules that have become inequitable in light of the changing needs of our society. *Alvis*, 85 Ill. 2d at 24.

Defendants also contend that we should adhere to *stare decisis* in order to avoid the creation of conflict among the appellate districts, which "could lead to a certain amount of economic and social havoc." (*Puckett*, 175 Ill. App. 3d at 358.) We find defendants' observations insufficient basis to avoid the imposition of common law negligence liability for defendants' alleged actions in the instant cause. In our view, the concerns suggested by defendant are greatly outweighed by the economic and social devastation on society that occurs when social hosts, as alleged in the instant cause, knowingly permit minor guests at a social gathering to consume alcohol to the point of inebriation, and allow the minor guests to depart from the gathering by driving a motor vehicle while intoxicated. We are unable to conclude that the concerns suggested by defendants are sufficient to preclude recognition of social host negligence liability under the facts of this case. *Cf. Puckett*, 175 Ill. App. 3d at 361 (Knecht, J., dissenting).

IV. SUFFICIENCY OF COUNTS II AND III
OF PLAINTIFF'S COMPLAINT

■ We agree with plaintiff's assertion that this court should, under the precise facts of the instant cause, adopt the view of other States that have recognized social host negligence liability for automobile accident injuries caused by an intoxicated minor driver. We emphasize that our holding is limited to the facts alleged in plaintiff's pleading, *i.e.*, where (1) a social host has knowingly served alcohol, and permits the liquor to be served, to youths under 18 years of age at the social host's residence, (2) the social host permits the minors' consumption to continue to the point of intoxication, and (3) the social host allows the inebriated minors to depart from the residence in a motor vehicle. We express no opinion with respect to factual scenarios other than the one presented herein.

We conclude that counts II and III of plaintiff's complaint properly relied upon negligence principles to state claims against defendants in the instant cause. The elements of a cause of action based on common law negligence are, briefly stated, the existence of a duty owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately caused by that breach. *Ward v. K mart Corp.* (1990), 136 Ill. 2d 132, 140, 554 N.E.2d 223.

In count II of her complaint, plaintiff alleged that defendants' conduct amounted to common law negligence. Under the Illinois Premises Liability Act, defendants owed plaintiff's decedent the duty to exercise "reasonable care under the circumstances regarding the state of the premises or acts done or omitted on them." (Ill. Rev. Stat. 1989, ch. 80, par. 302.) Where a landowner "permits a third person to use land ***, he is, if present, under a duty to exercise reasonable care so to control the conduct of the third person as to prevent him *** from so conducting himself as to create an unreasonable risk of bodily harm" to others, when the landowner "(a) knows or has reason to know that he has the ability to control the third person, and (b) knows or should know of the necessity and opportunity for exercising such control." Restatement (Second) of Torts §318, at 126-27 (1965); see *Teter v. Clemens* (1986), 112 Ill. 2d 252, 492 N.E.2d 1340; *King v. Petefish* (1989), 185 Ill. App. 3d 630, 541 N.E.2d 847; see also Restatement (Second) of Torts §371, at 275 (1965).

■ Based upon these principles, plaintiff's count II was sufficient to state a claim for common law negligence. According to plaintiff's pleading, defendants were present at their housewarming party, served alcohol to the minor friends of their son, and permitted their

son to also furnish the minor guests with alcohol. Defendants were aware that most of their guests had arrived by automobile and would depart by the same method of transportation. As the adult parents and homeowners at the social gathering, the defendants knew or should have known that they had the ability to control their minor guests' consumption of alcohol. Because the minors had arrived in automobiles, the defendants knew or should have known of the necessity of controlling the minors' alcohol consumption in order to prevent the minors' driving of the automobile while intoxicated upon their departure from the party. In addition, the defendants should have realized that allowing the minor guests to become intoxicated, and leave in an automobile, would expose them to the unreasonable risk of an automobile accident caused by the minors' drunk driving. Nevertheless, defendants permitted the minor guests to become inebriated and leave the housewarming party in an automobile. These specific allegations are sufficient to state a claim for common law negligence based upon premises liability.

In count III of her complaint, plaintiff alleged that defendants' conduct was negligent because it violated statutory duties under sections 6—16 and 6—20 of the Liquor Control Act. Section 6—20 provides that it is unlawful to give, sell, or deliver alcohol to a minor. (Ill. Rev. Stat. 1989, ch. 43, par. 134a.) Section 6—16(c) renders it unlawful to serve alcohol to a minor at a social gathering and to permit the minor to leave the gathering in an intoxicated condition. Ill. Rev. Stat. 1989, ch. 43, par. 131(c).

■ In our view, the facts alleged in the complaint were sufficient to state a claim for negligence based upon defendants' alleged violations of sections 6—16 and 6—20 of the Liquor Control Act. Violation of a statutory duty gives rise to *prima facie* evidence of negligence when the plaintiff falls within the group which the statute is intended to protect, and when the harm suffered by the plaintiff is of a type the statute was designed to prevent. (*Quinn*, 155 Ill. App. 3d at 238.) According to plaintiff's complaint, the defendants allowed Lenzi, Neauveau, and plaintiff's daughter, all of whom were under 18 years of age, to consume alcohol at a social gathering at the defendants' residence. Defendants then allegedly allowed the youths to leave the home, in a motor vehicle, while the minors were in an intoxicated condition. The plaintiff's decedent, as well as Lenzi and Neauveau, belonged to the group which sections 6—16 and 6—20 are intended to protect, and their alcohol-related car crash was a type of injury these sections were designed to prevent.

■ We are unable to accept defendants' claim that this court should not adopt the prevailing view in other jurisdictions that recognize a common law negligence duty for a social host's provision of alcohol to a minor. Illinois common law imposes a duty of care upon a defendant when the defendant and the plaintiff stand in such a relationship to one another that the law imposes upon the defendant an obligation to exercise reasonable conduct for the benefit of the plaintiff. (*Ward*, 136 Ill. 2d at 140.) Relevant factors in determining whether the defendant owed a duty to plaintiff include the foreseeability of the injury, the likelihood of injury, the magnitude of placing the burden upon defendant to guard against the injury, and the consequences of imposing that burden upon the defendant. *Ward*, 136 Ill. 2d at 140-41.

With respect to the foreseeability and likelihood of the injuries sustained by plaintiff's decedent in the instant cause, we note that defendants do not challenge the proposition that it is reasonably foreseeable that a minor who is permitted to consume alcohol to the point of intoxication at a social host's gathering, and who is thereafter allowed to depart from the gathering in a motor vehicle, will be unable to drive the automobile in a reasonably safe manner, but will instead drive in a reckless fashion that causes injury to a third person. The likelihood of injury, where a minor is permitted to drink to intoxication and then drive a motor vehicle, is also not disputed by the defendants. Both plaintiff and her *amicus curiae*, Mothers Against Drunk Driving (MADD), provide statistical support for their argument that automobile accidents, causing personal injury, are substantially more likely when the driver is an intoxicated minor. Defendants do not contest these statistics. Defendants do not quarrel with the legal position advanced by plaintiff and MADD that, when a social host permits a minor under the age of 18 to consume alcohol to the point of intoxication, and then allows the minor to drive a motor vehicle, resulting injuries from a car accident caused by the intoxicated minor are both foreseeable and likely. In our view, these points need no substantial elaboration. See *Puckett*, 175 Ill. App. 3d at 361 (Knecht, J., dissenting) (statistics regarding fatalities and injuries caused by minors' driving while intoxicated).

We also find it significant that Illinois statutes specifically and explicitly forbid the provision of alcohol to a minor and render such behavior a criminal offense. (Ill. Rev. Stat. 1989, ch. 43, par. 131.) Moreover, Illinois statutes expressly prohibit the furnishing of alcohol to a minor at a residential social gathering and denominate this violation as a criminal offense. (Ill. Rev. Stat. 1989, ch. 43, par. 134a.) These

enactments demonstrate that minors are to be afforded special protection, under Illinois law, from the deleterious consequences of alcohol abuse and that minors are not deemed capable of appreciating the risks of alcohol consumption.

The allegations of plaintiff's complaint indicate that defendants violated these statutory enactments. As alleged in the pleading, the defendants knowingly served alcohol to guests under the age of 18 and knowingly permitted their minor son to serve alcohol to these youths. The defendants in the instant cause then permitted the minors' alcohol consumption to continue to the level of intoxication, and, according to the complaint, were aware that the minors' consumption had caused them to become inebriated. The defendants then permitted the minors to depart in a motor vehicle, notwithstanding their intoxication. The court's observations in *Quinn* are equally applicable to the case at bar:

> "When [minors are permitted] to consume such large amounts of alcohol [at a social gathering held at the defendant-social host's home], it is foreseeable and likely that injuries will occur. Even the injury alleged here is foreseeable. It is a small burden to guard against such injuries. \*\*\* Finally, we can think of no better party to bear the [proportionate] burden of plaintiff's injuries than the one that [permitted] him to sustain them. The result is then predictable. A [social host] \*\*\* is to be [proportionately] liable for injuries sustained when [permitting minor guests] to engage in illegal and very dangerous activities [of becoming intoxicated and driving a motor vehicle]." (*Quinn*, 155 Ill. App. 3d at 237.)

As in *Quinn*, the alleged misconduct of the defendants contravenes "a social policy against \*\*\* endangering our youth through thoughtless and meaningless activity." 155 Ill. App. 3d at 238.

■ Defendants contend that they should not be subjected to common law tort liability, because such liability would be unlimited, whereas liability for commercial suppliers is limited to a specific maximum dollar amount under the Dramshop Act. (See *Zamiar*, 132 Ill. App. 3d at 889; *Lowe*, 98 Ill. App. 3d at 499; *Miller*, 96 Ill. App. 3d at 601.) However, the limited dollar recovery provided in the Act reflects the unique liability created under the Act: a dramshop owner is liable without fault. (See, *e.g.*, *Stevens*, 187 Ill. App. 3d at 464.) The defendants' common law negligence liability, on the other hand, requires proof that the defendant breached a duty to exercise the appropriate standard of care under the circumstances, *i.e.*, proof of fault. (See, *e.g.*, *Ward*, 136 Ill. 2d at 140.) In addition, the defendants' com-

mon law negligence liability would not be "unlimited," but would be offset by the percentage attributable to the plaintiff's comparative fault, if any, and the contribution, if any, of other tortfeasors. See, *e.g., Quinn,* 155 Ill. App. 3d at 237.

██ Defendants also suggest that no liability should be imposed upon them, because the plaintiff can obtain compensatory damages from Lenzi, who was driving the automobile when the accident occurred. This argument, however, avoids the question of whether defendants should be held liable, under principles of common law negligence, to the extent that their allegedly negligent conduct proximately caused plaintiff's injuries. The circumstance that another party may also be liable does not and should not exculpate defendants from all civil liability for their allegedly negligent conduct under the instant facts.

██ Defendants assert that recognition of negligence liability here will impose an impossible burden upon social hosts. Defendants suggest that social hosts will find it too difficult to "police" their guests to determine if these guests are, in fact, minors. Defendants also contend that homeowners should not be subjected to liability because their minor child and the child's minor friends consumed alcohol in the social host's residence while the host was unaware of this consumption.

However, the record here does not present the hypothetical circumstances advanced by the defendants. In addition, we note that cases from other jurisdictions, where social host negligence liability has been recognized for the provision of alcohol to a minor, have not extended such liability to the hypothetical facts advanced by defendants. See, *e.g., Liao v. Harry's Bar* (Ala. 1990), 574 So. 2d 775; *Bowling v. Popp* (Ind. App. 1989), 536 N.E.2d 511; *Alioto v. Marnell* (1988), 402 Mass. 36, 520 N.E.2d 1284.

For the reasons stated, the trial court's dismissal of counts II and III of plaintiff's amended complaint is reversed, and the cause remanded for further proceedings consistent herewith.

Reversed and remanded.

JIGANTI, P.J., and JOHNSON, J., concur.