PAULA L. BZDEK, a Minor, by her Father and Next Friend, Robert J. Bzdek, Plaintiffs-Appellants, v. SUSAN M. TOWNSLEY *et al.*, Defendants-Appellees.

Second District   No. 2—93—0516

Opinion filed May 16, 1994.

Baskin, Server, Berke & Weinstein, of Chicago (John R. Malkinson, of counsel), for appellants.

John W. Barbian, of Wildman, Harrold, Allen & Dixon, of Waukegan (Steven L. Larson, of counsel), for appellees.

JUSTICE PECCARELLI delivered the opinion of the court:

Paula L. Bzdek (plaintiff), a minor, brought an action by Robert J. Bzdek, her father and next friend, alleging social host liability against defendants, Susan M. Townsley and Nicki Townsley. The circuit court of Lake County dismissed plaintiff's second amended complaint with prejudice pursuant to section 2—615 of the Code of Civil Procedure (735 ILCS 5/2—615 (West 1992)) for failure to state a cause of action. Plaintiff appeals. We reverse and remand.

Plaintiff's second amended complaint (the complaint) contained two counts which both alleged that on or about September 15, 1990, defendants: (1) hosted a party at their residence; (2) knew that most of the guests in attendance at the party were under 21 years of age and several were under 18 years of age; (3) provided and served alcoholic beverages to their guests, including those under 21 and 18 years of age (underage guests), who consumed the alcoholic beverages; (4) knew or should have known that many of their underage guests arrived at and would depart from the party in motor vehicles; (5) knew that the consumption of the alcoholic beverages by their underage guests could and would affect their underage guests' mental faculties, including the underage guests' judgment and ability to operate safely a motor vehicle; (6) continued to provide and serve alcoholic beverages to their underage guests when defendants knew or should have known the underage guests were becoming intoxicated; (7) permitted and caused two of the underage guests, David A. Duff (Duff), who was 18 years old, and plaintiff, who was 15 years old, to continue consuming alcoholic beverages to the point of and while in a state of intoxication; and (8) knowingly permitted Duff and plaintiff to leave the premises while still intoxicated and likely to depart in a motor vehicle.

Count I of the complaint was based on a theory of social host liability by negligent service of alcohol to an underage driver. Count I alleged that after leaving the party, Duff, while intoxicated from the alcoholic beverages he consumed at the party, drove a motor vehicle in an uncontrolled and reckless manner until he lost control of the vehicle, crossed into oncoming traffic, and caused the vehicle to crash. Count I also alleged that plaintiff, who was a passenger in the vehicle driven by Duff, sustained severe and permanent injuries in the crash.

Count II of the complaint was based on a theory of social host liability by the negligent service of alcoholic beverages to an underage passenger. Count II alleged that as a result of plaintiff's intoxication, plaintiff's judgment was impaired and she allowed herself to be transported in a vehicle operated by Duff, who was

obviously intoxicated. Count II also alleged that Duff operated the motor vehicle in a reckless and uncontrolled manner until he lost control of the vehicle, allowed it to cross into oncoming traffic, and caused a crash in which plaintiff suffered severe and permanent injuries.

On appeal, plaintiff argues that the circuit court erred when it dismissed her complaint. Plaintiff contends that her complaint stated a proper cause of action under *Cravens v. Inman* (1991), 223 Ill. App. 3d 1059.

In reviewing a dismissal for failure to state a cause of action, we must accept as true all well-pleaded facts in the complaint and all reasonable inferences which can be drawn from the well-pleaded facts to determine whether the complaint alleges sufficient facts to establish a cause of action upon which relief may be granted. (*Kolegas v. Heftel Broadcasting Corp.* (1992), 154 Ill. 2d 1, 9.) A court should not dismiss a cause of action on the pleadings unless it clearly appears that no set of facts can be proven which will entitle a plaintiff to recover. *Burdinie v. Village of Glendale Heights* (1990), 139 Ill. 2d 501, 504.

In order to state a cause of action in common-law negligence, a plaintiff must show the existence of a duty owed by defendant to plaintiff and allege breach of that duty by defendant and resulting injury to plaintiff proximately caused by defendant's breach of the duty. (*Ward v. K mart Corp.* (1990), 136 Ill. 2d 132, 140.) The existence of a duty is a question of law to be determined by the court and may be based on defendant's violation of a statute designed to protect human life or property. (*Gouge v. Central Illinois Public Service Co.* (1991), 144 Ill. 2d 535, 542-43.) The violation of a statute designed to protect human life or property is *prima facie* evidence of negligence when plaintiff shows: (1) the violation of the statute proximately caused plaintiff's injury; and (2) the statute was intended to protect a class of persons to which plaintiff belongs from the kind of injury plaintiff suffered. *Gouge*, 144 Ill. 2d at 543.

The Illinois Appellate Court districts are split as to whether pleadings alleging common-law social host negligence liability state a viable cause of action. This split occurred in 1991, when the Appellate Court, First District, filed *Cravens v. Inman* (1991), 223 Ill. App. 3d 1059, which recognized social host negligence liability for automobile accident injuries caused by a minor driver who became intoxicated at a party given by the social host. Prior to *Cravens*, the appellate court had consistently held that a cause of action for common-law social host negligence liability would not lie because section 6—21 of the Liquor Control Act of 1934 (Ill. Rev. Stat. 1991, ch. 43, par. 93.9 *et seq.*

(now 235 ILCS 5/1—1 *et seq.* (West 1992))) (historically called the Dramshop Act) preempted the field of alcohol-related liability, and because any extension of the law to include social host liability should come either from the legislature or from the Illinois Supreme Court. See, *e.g., Puckett v. Mr. Lucky's Ltd.* (1988), 175 Ill. App. 3d 355, 357-58; *Coulter v. Swearingen* (1983), 113 Ill. App. 3d 650, 653-54.

In *Cravens*, the mother of a minor daughter, who was less than 16 years old and who died in a motor vehicle crash, filed suit against defendants who hosted a party attended by plaintiff's daughter before the crash. The pleadings alleged that: during the party, defendants negligently served or knowingly allowed their minor son to serve liquor to several minor guests including Rita Lenzi (Lenzi), who was less than 16 years old; defendants continued to serve or allow the service of alcoholic beverages to the minors, including Lenzi, throughout the course of the party, even after defendants knew or should have known the minors had become intoxicated; as a result of this intoxication, Lenzi's judgment, senses, and faculties were totally impaired; defendants made no effort to determine how Lenzi left the premises or her condition upon departure; plaintiff's daughter left defendants' home with Lenzi in a motor vehicle driven by another minor who attended the party; later, Lenzi took control of the motor vehicle and drove in an uncontrolled and reckless manner, including the avoidance of police pursuit, until the vehicle crashed causing plaintiff's daughter's injuries and death. *Cravens*, 223 Ill. App. 3d at 1063-64.

The Appellate Court, First District, in a thoughtful and well-reasoned opinion delivered by Justice McMorrow, held that it recognized a cause of action for "social host negligence liability for automobile accident injuries caused by an intoxicated minor driver." (223 Ill. App. 3d at 1076.) The court arrived at its holding after carefully reviewing the statutory and common-law history of civil liability for alcohol-related injuries in Illinois. The court particularly noted two Illinois Supreme Court decisions, *Cruse v. Aden* (1889), 127 Ill. 231, and *Cunningham v. Brown* (1961), 22 Ill. 2d 23, which addressed questions of alcohol-related liability under section 6—21 of the Liquor Control Act (Ill. Rev. Stat. 1991, ch. 43, par. 135 (now 235 ILCS 5/6—21 (West 1992))) or its predecessors. *Cravens*, 223 Ill. App. 3d at 1066-67.

In *Cruse*, plaintiff sought to bring a cause of action for social host liability against a farmer who served drinks to plaintiff's husband who was later killed when he was thrown from his horse. (*Cruse*, 127 Ill. at 232-33.) The supreme court held that the section 6—21 predecessors only applied to commercial suppliers of alcoholic

beverages and did not create a cause of action against a social host. 127 Ill. at 239.

In *Cunningham*, the question before the court was whether either of two counts of plaintiff's complaint stated a cause of action against a commercial supplier of alcoholic beverages, apart from section 6—21, based on the violation of a different statute or on common-law negligence. (*Cunningham*, 22 Ill. 2d at 24-25.) The supreme court held that the counts were properly dismissed because the Dramshop Act provided the exclusive remedy against commercial suppliers of alcoholic beverages for injuries caused by intoxicated patrons. 22 Ill. 2d at 30-31.

The *Cravens* court found nothing in either *Cruse* or *Cunningham* to preclude, by virtue of section 6—21, social host liability with respect to minors. (*Cravens*, 223 Ill. App. 3d at 1073.) The court specifically stated that the determination in *Cruse* that a cause of action did not lie against a social host who furnished alcohol to a "strong and able-bodied man" was not sufficient reason to deny plaintiff's recovery in *Cravens*. *Cravens*, 223 Ill. App. 3d at 1074.

■ The *Cravens* court also directly addressed a number of appellate court decisions which declined to recognize common-law liability where a social host furnished alcoholic beverages to minors. (223 Ill. App. 3d at 1068.) The court noted that several of these decisions "recognized the injustice of the present jurisprudence," because "the furnishing of alcohol to a minor seriously endangers the health, safety, and welfare of all Illinois citizens." (223 Ill. App. 3d at 1069.) The court concluded that the present injustice required it to reevaluate current legal precedents. (223 Ill. App. 3d at 1073.) After weighing defendants' arguments for *stare decisis* against the "economic and social devastation" caused by social hosts knowingly permitting minor guests to consume alcoholic beverages to the point of intoxication and then allowing the minors to leave in motor vehicles while intoxicated, the court concluded that *stare decisis* was not a sufficient reason to preclude the recognition of social host liability under the facts in *Cravens*. 223 Ill. App. 3d at 1075.

The *Cravens* court emphasized that its holding was

> "limited to the facts alleged in plaintiff's pleading, *i.e.*, where (1) a social host has knowingly served alcohol, and permits the liquor to be served, to youths under 18 years of age at the social host's residence, (2) the social host permits the minors' consumption to continue to the point of intoxication, and (3) the social host allows the inebriated minors to depart from the residence in a motor vehicle." 223 Ill. App. 3d at 1076.

Finally, the *Cravens* court found that plaintiff properly based her

negligence claims for social host liability on alleged violations of the Premises Liability Act (Ill. Rev. Stat. 1991, ch. 80, par. 302 (now 740 ILCS 130/2 (West 1992))) and sections 6—16 and 6—20 of the Liquor Control Act of 1934 (Ill. Rev. Stat. 1991, ch. 43, par. 93.9 *et seq.* (now 235 ILCS 5/1—1 *et seq.* (West 1992))). (*Cravens*, 223 Ill. App. 3d at 1076-77.) The court stated that sections 6—16 and 6—20 showed that "minors are to be afforded special protection, under Illinois law, from the deleterious consequences of alcohol abuse and that minors are not deemed capable of appreciating the risks of alcohol consumption." 223 Ill. App. 3d at 1079.

Section 6—20 of the Liquor Control Act provides, in relevant part:

"The consumption of alcoholic liquor by any person under 21 years of age is forbidden. Whoever violates any provisions of this Section shall be guilty of a Class C misdemeanor." Ill. Rev. Stat. 1991, ch. 43, par. 134a (now 235 ILCS 5/6—20 (West 1992)).

Section 6—16, subsection (c), which the *Cravens* court quoted, provides, in relevant part:

"(c) Any person shall be guilty of a petty offense where he or she knowingly permits a gathering at a residence which he or she occupies of two or more persons where any one or more of the persons is under 18 years of age and the following factors also apply:

(1) the person occupying the residence knows that any such person under the age of 18 is in possession of or is consuming any alcoholic beverage; and

(2) the possession or consumption of the alcohol by the person under 18 is not otherwise permitted by this Act; and

(3) the person occupying the residence knows that the person under the age of 18 leaves the residence in an intoxicated condition." Ill. Rev. Stat. 1991, ch. 43, par. 131(c) (now 235 ILCS 5/6—16(c) (West 1992)).

Here, defendants first urge us not to follow *Cravens*. Defendants assert that the Appellate Court, Second District, is in accord with the third and fourth districts in refusing to expand alcohol-related liability beyond that provided by the Dramshop Act. However, defendants have not cited, nor has our search revealed, a second district case which addresses the question of social host liability for injuries caused by an intoxicated minor guest in an automobile accident. In the only second district case cited by defendants, *Mulhern v. Talk of the Town, Inc.* (1985), 138 Ill. App. 3d 829, plaintiff alleged liability by a commercial supplier who sold alcohol to an apparent adult. (138 Ill. App. 3d at 831.) Moreover, the third district recently adopted the rules set forth in *Cravens* and recognized social

host negligence liability in a case with facts similar to *Cravens*. (*Charles v. Seigfried* (1993), 251 Ill. App. 3d 1059, 1065, *appeal allowed* (1994), 155 Ill. 2d 562.) Because there is no precedent in the second district, and because the other appellate court districts are split on this issue, we may choose which precedent we consider most nearly correct. (See *People v. Kneller* (1991), 219 Ill. App. 3d 834, 841.) We conclude that *Cravens* is most nearly correct and therefore adopt its reasoning.

■ Defendants next contend that even if we adopt *Cravens*, it does not apply here because *Cravens* is distinguishable on its facts from the facts in this case. Defendants note that both the plaintiff passenger and the driver in *Cravens* were under 18 years old at the time of the accident, while in this case, the driver, Duff, according to the pleadings, was 18 years old at the time of the accident. Defendants argue that this factual difference is dispositive and that *Cravens* does not apply to this case because *Cravens* specifically limited its holding to cases where a social host served alcohol to "youths under 18 years of age," and because the *Cravens* court based its decision on section 6—16(c) of the Liquor Control Act, which specifically applies to persons "under the age of 18." Defendants conclude that applying *Cravens* to this case would require going beyond *Cravens* and would create new law unsupported by any Illinois court and contrary to every other reported decision on the subject by an Illinois court. We disagree.

Defendants argue that *Cravens* only applies to social host situations where the underage guest drinkers, particularly the driver in a subsequent motor vehicle crash, are under 18 years of age because *Cravens* was based on section 6—16(c) of the Liquor Control Act (Ill. Rev. Stat. 1991, ch. 43, par. 131(c) (now 235 ILCS 5/6—16(c) (West 1992))), which applies only to persons under the age of 18. We conclude that defendants' reading of section 6—16(c) is too narrow.

Contrary to defendants' view, section 6—16(c) not only applies to gatherings of persons all of whom are under 18, but section 6—16(c) plainly applies to a gathering at a residence "of two or more persons where any one or more of the persons is under 18 years of age." (Ill. Rev. Stat. 1991, ch. 43, par. 131(c) (now 235 ILCS 5/6—16(c) (West 1992)).) Thus, section 6—16(c) is not limited in its application to gatherings where all the persons at the gathering are under 18 years of age. Rather, section 6—16(c) applies if any one or more of the persons at the gathering is under 18 years of age. Furthermore, the statute applies when "any such person under the age of 18" possesses or consumes alcohol, when not otherwise permitted, and "leaves the residence in an intoxicated condition." (Ill. Rev. Stat. 1991, ch. 43,

pars. 131(c)(1), (c)(3) (now 235 ILCS 5/6—16(c)(1), (c)(3) (West 1992)).) The statute makes no specific mention of a driver, and we do not construe it to require that one who leaves and drives must be under 18 years of age in order for the statute to apply.

Based on reasonable inferences from the alleged facts, section 6—16(c) applies to count I of plaintiff's second amended complaint, and also clearly applies to count II of the complaint. Section 6—16(c) applies because both counts of the complaint alleged that defendants knowingly permitted a gathering at their residence which included one or more persons under 18 years of age who unlawfully possessed or consumed alcoholic beverages, and that defendants knew a person under the age of 18 left the residence in an intoxicated condition. Section 6—16(c) applies even though the driver of the car in which plaintiff left the residence was not under 18 because defendants knew that plaintiff, who was under 18, left their residence in an intoxicated condition in the car.

For these reasons, we find that defendants' attempts to distinguish *Cravens* from this case on the basis of the inapplicability of section 6—16(c) fail.

In addition, we note that *Cravens* was not simply based on section 6—16(c). *Cravens* was also based on section 6—20 of the Liquor Control Act (Ill. Rev. Stat. 1991, ch. 43, par. 134a (now 235 ILCS 5/6—20 (West 1992))) and the Premises Liability Act (Ill. Rev. Stat. 1991, ch. 80, par. 302 (now 740 ILCS 130/2 (West 1992))). *Cravens*, 223 Ill. App. 3d at 1076-77.

Here, neither of the two counts of plaintiff's complaint alleged a violation of section 6—20, but both counts alleged violations of another part of the Liquor Control Act, section 6—16(a), as an additional basis for social host liability. Section 6—16(a) provides, in relevant part:

> "No person, after purchasing or otherwise obtaining alcoholic liquor, shall sell, give or deliver such alcoholic liquor to another person under the age of 21 years, except in the performance of a religious ceremony or service. Whoever violates the provisions of this paragraph of this subsection (a) is guilty of a Class A misdemeanor." Ill. Rev. Stat. 1991, ch. 43, par. 131(a) (now 235 ILCS 5/6—16(a) (West 1992)).

When section 6—16(a) is read in conjunction with section 6—16(c) it is clear that the allegations in plaintiff's complaint were sufficient to state a claim for social host liability based upon violations of the Liquor Control Act. The fact that the driver was not under the age of 18 is of no consequence when sections 6—16(a) and 6—16(c) are read together. Section 6—16(a) imposes a general duty on any person who

has obtained alcohol not to then give the alcohol to another person under the age of 21. Section 6—16(c) imposes a further duty on a person not to knowingly permit a gathering, including a party, at his or her residence, where one or more persons under 18 years of age possesses or consumes alcohol, becomes intoxicated, and leaves the residence in an intoxicated condition.

Here, accepting the well-pleaded facts in plaintiff's complaint as true, defendants violated both sections 6—16(a) and 6—16(c) when they knowingly furnished alcohol to Duff, plaintiff, and others under the age of 21 at a party at defendants' residence, and where one or more of the guests (plaintiff) was under 18, consumed alcohol, and then left defendants' residence, with defendants' knowledge, in an intoxicated condition. Based on defendants' alleged violations of these statutes, we conclude that both counts I and II of plaintiff's complaint stated a cause of action for social host liability under *Cravens*.

We realize that *Cravens* itself emphasized that it was limited to its facts and that in *Cravens* the driver was under 18 years old while here the driver was alleged to be 18 years old. However, for the above reasons, we conclude that this factual difference is not dispositive in terms of applying the *Cravens* reasoning to this case.

We also are aware that *Cravens* and *Charles* were based, in part, upon alleged violations of the Premises Liability Act (Ill. Rev. Stat. 1991, ch. 80, par. 302 (now 740 ILCS 130/2 (West 1992))). (*Cravens*, 223 Ill. App. 3d at 1077; *Charles*, 251 Ill. App. 3d at 1060.) However, because we can discern nothing in the Premises Liability Act to limit its applicability to minors, and because we view *Cravens* and *Charles* as only applying to minors, we do not base our decision, even in part, on premises liability.

Based on the foregoing, we hold that both count I and count II of plaintiff's second amended complaint stated a cause of action against defendants. We therefore reverse the dismissal order of the circuit court and remand the cause for further proceedings.

Reversed and remanded.

DOYLE and COLWELL, JJ., concur.